UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY DOLE,

    Plaintiff,                                              Case No.

v.                                                               Hon.

COSTCO WHOLESALE CORPORATION,

    Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Corey Dole, (hereinafter "Plaintiff"), by and through his attorneys, Scott P. Batey and the Batey Law Firm, PLLC, and for his Complaint against Defendant states as follows:

1.    Plaintiff, Corey Dole is a resident of the City of Howell, County of Livingston and State of Michigan.

2.    Defendant, Costco Wholesale Corporation (hereinafter "Costco"), is a foreign profit corporation created under the laws of the State of Washington, whose

1

resident agent is The Corporation Company, whose registered office address is 40600 Ann Arbor Road East, Ste. 201, Plymouth, MI 48170 and who is duly authorized to do business in Michigan.

3. The events producing the original injury occurred in the County of Livingston, State of Michigan and jurisdiction and venue are proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c), and this Honorable Court has pendant jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

4. The amount in controversy exceeds $75,000.00 and is otherwise within the Jurisdiction of this Court.

5. Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting harassment, discrimination and adverse employment action which resulted in both economic and emotional damages to Plaintiff in violation of the Americans with Disabilities Act ("ADA") and Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA").

## **GENERAL ALLEGATIONS**

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set therein.

7. Plaintiff works for Defendant Costco at Defendant's store location at 6700 Whitmore Lake Road, Brighton, MI 48116.

8. On or around November 2010, Plaintiff began his employment as a forklift driver.

9. On or around July 23, 2018, Plaintiff was promoted to the role of Front End Supervisor, where he was responsible for overseeing employees, coordinating activities of the Front End Department and assisting customers.

10. Plaintiff suffers from severe anxiety disorder, which is a disability under the ADA and PWDCRA that substantially interferes with major life activities including his employment.

11. Plaintiff suffers from anxiety issues.

12. Plaintiff took a leave of absence from Defendant's Brighton location from March 13, 2020 to April 13, 2020 because he felt he was at a severe risk of contracting coronavirus.

13. Plaintiff took leave from or about August 2, 2020 to November 10, 2020, in order to receive treatment for his anxiety.

14. Plaintiff is a politically progressive Democrat whose anxiety was increased dramatically prior to the 2020 election.

15. As a politically progressive Democrat, Plaintiff was a political minority among the employees working at Defendant Costco's Brighton location.

16. Plaintiff was harassed by his coworkers at Defendant's Brighton location due to his political beliefs which aggravated his disability.

17. Plaintiff took an additional leave of absence for treatment on or around November 2, 2020, through on or around February 2, 2021, when Plaintiff's physician assistant advised Plaintiff he could return to work with certain accommodations, including

    a. That Plaintiff could be placed on shifts that start at 11:00 AM on his first week back;

    b. That Plaintiff could be allowed to use Defendant's reflection room or freezer, or be allowed to go outside, for up to five minutes at a time, if he was feeling he was on the verge of a panic attack;

    c. That Plaintiff could wear shorts to work for his first month because he overheats when he becomes anxious; and

    d. That Plaintiff could use a face shield instead of a face mask while working.

18. Plaintiff continued to be harassed by his coworkers for his political beliefs upon his return to work.

19. Plaintiff requested to his supervisor that he be allowed to work by himself while at Defendant's Brighton location to stop being harassed by coworkers for his political beliefs.

20. Plaintiff's request which was subsequently denied by his employer.

21. As a result of being denied an accommodation to stop being harassed by his coworkers, Plaintiff was forced into taking a demotion in order to not be harassed by his coworkers while he was working.

22. Plaintiff's anxiety issues have been worsened by the harassment and refusal of Defendant to accommodate Plaintiff's reasonable requests.

23. During all relevant times, Defendant was aware of Plaintiff's anxiety issues and his desire to be accommodated due to his anxiety issues that were worsened by the harassment by his coworkers.

24. On June 24, 2018, Plaintiff requested that Defendant accommodate his disability through either an alternative work position or a leave of absence while he underwent physical therapy.

25. Plaintiff's numerous requests for an alternative work position were always denied by Defendant.

26. During Plaintiff's eleven years of employment with Defendant he has never been disciplined or reprimanded.

27. At all times relevant, Defendant acted intentionally or with reckless indifference towards Plaintiff's rights.

28. Plaintiff received a right to sue (RTS) letter from the United States Equal Employment Opportunity Commission on December 23, 2021.

## COUNT I
## VIOLATION OF AMERICAN WITH DISABILITIES ACT OF 1990

29. Plaintiff incorporates by reference Paragraphs 1 through 28 above as though more fully set forth herein.

30. Plaintiff suffers from an anxiety issue, which is a disability under the Americans with Disabilities Act of 1990 ("ADA") as it substantially interferes with major life activities, including his employment.

31. Pursuant to the ADA, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from his employment by his employer and/or supervisors based upon his disability, as well as the right to receive reasonable accommodation assisting in performing his job.

32. Plaintiff was able to perform the essential functions of his job with or without a reasonable accommodation.

33. Defendant refused to provide Plaintiff a reasonable accommodation and denied him both an alternative work assignment and a temporary leave of absence to undergo physical therapy.

34. Plaintiff's disability was a factor in Defendant's employment decisions, including, but not limited to refusing to accommodate him and terminating him.

35. Defendant is an employer within the meaning of the ADA.

36. Plaintiff has been subjected to continuous discriminatory treatment based upon his disability by Defendant, its employees and agents to the point where his status as an employee was detrimentally affected and he was refused reasonable accommodations by Defendant.

37. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the ADA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

38. Defendant and its agents, employees and representatives, by reason of the following acts and/or omissions:

    a. Violated the laws against discrimination by terminating Plaintiff based upon his disability;

    b. Violated the laws against discrimination by denying Plaintiff a reasonable accommodation; and

    d. Prevented Plaintiff from having full and fair opportunities to advance in his position based upon his disability.

39. Defendant owed Plaintiff, a disabled employee, a duty to adequately advise their employees to refrain from discriminating against employees.

40. As a direct and proximate result of Defendant's harassment and discrimination of Plaintiff solely on the basis that he had a disability or was perceived by Defendant to be a person with a disability, Plaintiff has sustained injuries including, but not limited to:

    a. Economic damages;

    b. Wage loss;

    c. Mental anguish;

    d. Fright;

    e. Shock;

    f. Embarrassment;

    g. Outrage;

    h. Anxiety;

    i. Emotional distress;

    j. Loss of self-esteem; and

    k. Loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## VIOLATION OF THE MICHIGAN
## PERSONS WITH DISABILITIES ACT, MCLA §37.1101, *ET SEQ.*

41. Plaintiff incorporates by reference Paragraphs 1 through 40 above as though more fully set forth herein.

42. Plaintiff suffers from an anxiety issue, which is a disability under the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, et seq. ("PWDCRA").

43. Pursuant to the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, et seq., Plaintiff is guaranteed the right to be free from

discriminatory treatment and/or discharge from his employment by his employer and/or supervisors based upon his disability.

44. Defendant is an employer within the meaning of the PWDCRA and Defendant refused to provide Plaintiff a reasonable accommodation for his disability.

45. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

46. Defendant and its agents, employees and representatives, breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

   a. Failing to refrain from creating a hostile work environment based on Plaintiff's disability;

   b. Preventing Plaintiff from having full and fair opportunities to him employment based upon his disability.

47. Defendant owed Plaintiff as a disabled employee, a duty to adequately advise their employees to refrain from discriminating against employees.

48. As a direct and proximate result of Defendants' discrimination of Plaintiff solely on the basis that he had a disability or was perceived by Defendants to be a person with a disability Plaintiff has sustained injuries including, but not limited to:

9

    a. Economic damages;

    b. Mental anguish;

    c. Fright;

    d. Shock;

    e. Embarrassment;

    f. Outrage;

    g. Anxiety;

    h. Emotional distress;

    i. Loss of self-esteem; and

    j. Loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT III
## RETALIATION

49. Plaintiff incorporates by reference paragraphs 1 through 48 of the Complaint as though fully set forth herein.

50. Defendant is an "employer" as defined in the ADA and PWDCRA.

51. Plaintiff engaged in a protected activity under the ADA and PWDCRA by requesting a reasonable accommodation as he was seeking to enforce his statutory

rights to be free from discrimination and retaliation in the workplace due to his disability.

52. Defendant knew that Plaintiff was engaging in a protected activity.

53. As a direct result of Plaintiff engaging in the above-referenced protected activity, Defendant retaliated against Plaintiff by demoting him.

54. Plaintiff's requests for reasonable accommodations were a significant factor in Defendant's adverse employment actions.

55. Because of the unlawful conduct of Defendant, and as a proximate result of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

BY: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorneys for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800
sbatey@bateylaw.com

Dated:  March 10, 2022

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, Corey Dole, by and through his attorneys, Scott P. Batey, and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issued allowed by law.

                                Respectfully submitted,

                              **BATEY LAW FIRM, P.L.L.C.**

BY: /s/Scott P. Batey
     SCOTT P. BATEY (P54711)
     Attorneys for Plaintiff
     30200 Telegraph Road, Suite 400
     Bingham Farms, MI  48025
     (248) 540-6800
     sbatey@bateylaw.com

Dated:  March 10, 2022